UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE ERNEST MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-91-TCM |
| ) | |
| JOSEPH R. SOMOGYE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Joe Ernest Mitchell (registration no. C1780077) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on January 19, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $6.67, and an average monthly account balance of $.90. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis Medium Security Institution, seeks monetary relief in this 42 U.S.C. § 1983 action against St. Louis Police Department Detectives Joseph R. Somogye, Frederick M. Lathan, Thomas E. Mabrey, and Cynthia Hutchcraft. Plaintiff alleges that, after being placed under arrest, he was "brutally beaten by defendants Somogye and Mabrey with metal clubs that caused injuries." He further alleges that, to justify the assault, "Somogye and Mabrey falsely charged [him] with violately [sic] resisting arrest and enlisted the support of defendants Lathan and Hatchet as witnesses."[1]

Plaintiff's claims that defendants Somogye and Mabrey brutally beat him survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Joseph R. Somogye and Thomas E. Mabrey reply to said claims.

Plaintiff's claim that he was falsely charged with resisting arrest is, at this point in time, legally frivolous. See Heck v. Humphrey, 512 U.S. 477 (1994) (before recovering damages for allegedly unconstitutional conviction or imprisonment, plaintiff must prove that the decision has been reversed, expunged, or declared invalid by a state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus). As such, defendants Frederick M. Lathan and Cynthia Hutchcraft, as well as plaintiff's claim that he was falsely charged with resisting arrest, will be dismissed, without prejudice.

In accordance with the foregoing,

---

[1] It is unclear to the Court who plaintiff is referencing in asserting these allegations against defendant "Hatchet." Because the Court is dismissing this claim, without prejudice, plaintiff will not be instructed to file an amended complaint.

3

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.33 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Frederick M. Lathan and Cynthia Hutchcraft, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claim that he was falsely charged with resisting arrest is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Joseph R. Somogye and Thomas E. Mabrey, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Joseph R. Somogye and Thomas E. Mabrey shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 16th day of February, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**